UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOSE GONZALES CAMPOS ET AL. | : | CASE NO.  2:21-CV-03923 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| ZURICH AMERICAN INSURANCE CO ET AL. | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM OPINION AND ORDER**

Before the undersigned magistrate judge, on reference from the district court is a motion to compel filed by defendants Zurich American Insurance Company, MDR Construction, Inc., and Roy Bonds ("defendants").  Doc. 23.  Defendants seek to compel plaintiffs Eduardo Fuentez Reyes ("Reyes") and Jose Gonzales Campos ("Campos") to produce more complete answers to several categories of discovery.  The motion is opposed by Reyes and Campos. Doc. 25.  Defendants did not file a reply, and the period for doing so has lapsed, making this motion ready for resolution.

For the reasons stated herein, the motion is **GRANTED** in part and **DENIED** in part.

With respect to plaintiff Reyes, the motion is **GRANTED** as to Interrogatories numbered 7 and 21 and Requests for Production numbered 3, 7, and 11.   The motion is **DENIED** as to remaining disputed requests concerning Reyes.

With respect to plaintiff Campos, the motion is **GRANTED** as to Interrogatories numbered 1 and 5 and Requests for Production numbered 3, 7, and 11.  The motion is **DENIED**  as to remaining disputed requests concerning Campos.

Defendants' request for attorney's fees is **DENIED**.

# I.
## BACKGROUND

The petition in this matter alleges that, on September 11, 2020, a vehicle driven by defendant Roy Bonds collided with a vehicle driven by plaintiff Campos causing property damage and injuries to Campos and co-plaintiffs, Reyes and Ojeda (the "accident").  Doc. 1, att. 4, p. 3-5. Defendants issued Interrogatories and Requests for Production to Reyes and Campos on February 14, 2022.  Doc. 23, att. 4, 5, 8 and 9.  Campos responded to the discovery requests on April 17, 2022 [doc. 23, att. 10-11] and issued amended responses on May 5, 2022.  Doc. 23, att. 12-13. Reyes responded to the discovery requests on May 6, 2022.  Doc. 23, att. 6-7.  The instant motion followed.

# II.
## APPLICABLE LAW

Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure allows a party seeking discovery to move for an order compelling an answer, designation, production, or inspection.  Rule 26(b)(1) of the Federal Rules of Civil Procedure limits the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case.  Relevant information is defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 98 S. Ct. 2380, 2389 (1978); *see also* Fed. R. Evid. 401 (defining relevant evidence as making a fact of consequence in determining the action more or less probable).  In explicitly defining the scope of discovery in terms of both relevance and proportionality, Rule 26(b) is designed reinforce the obligation of the parties to consider the proportionality factors in making discovery requests.  *See* Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.  The factors a court should consider when determining proportionality are "the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The court may limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C); *Hebert v. Lando*, 99 S. Ct. 1635, 1649 (1979). Control of discovery is limited to the trial court's sound discretion. *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 F. App'x 279, 283 (5th Cir. 2014).

## III.
### THE PARTIES' ARGUMENTS AND ANALYSIS

Defendants seek an order compelling plaintiffs Reyes and Campos to provide more complete responses to each of several categories of discovery. Because there is a slight difference in the numbering of the requests to Reyes and Campos, and because each plaintiff's circumstances are slightly different, the court addresses the disputed responses from each plaintiff separately.

### A. Reyes' Disputed Responses

#### 1. Medical Providers (Interrogatory No. 6)

Interrogatory No. 6 requests that Reyes "list the name, address and telephone number of each medical provider, hospital, clinic, or other medical facility in which you have received any treatment in the past ten years." Doc. 23, att. 4, p. 3. Defendants state that "Reyes' fails to identify his past medical providers." Doc. 23, att. 1, p. 5. Reyes responds that the single hospital he identified in response to the interrogatory is a complete answer to the interrogatory, explaining

that "Reyes is a relatively young man, and except for the care he received from Parkland Hospital (which resulted from a preceding accident), he has no more care or names prior to the accident to list."  Doc. 25, p. 6.

We consider the dispute as to Interrogatory No. 6 resolved and the motion is denied.

### 2.  *Past Employers (Interrogatory No. 7)*

Interrogatory No. 7 requests that Reyes identify his employers from the last 10 years, dates absent from each employment because of injuries sustained in the accident as well as resulting lost income.  Doc. 23, att. 4, p. 3.  Defendants complain that Reyes provided no information on his past employers, rates of pay, or lost income.  Doc. 23, att. 1.  In response, Reyes states that he "is not currently making a claim for wage loss.  Plaintiff reserves the right to amend this response."  Doc. 23, att. 6, p. 6.  Reyes suggests that, since he is not currently pressing forward with his claim for wage loss, the information requested in Interrogatory No. 7 is not relevant.  Doc. 25, att. 9.

The information sought is relevant to Reyes' claims.  Fed. R. Civ. P. 26(b)(1).  The petition seeks damages for wage loss and lost earning capacity.  Doc. 1, att. 4, p. 5, ¶ 17.  Unless and until Reyes amends his pleading to remove his claim for lost wages, the information sought by Interrogatory No. 7 is relevant.

The motion is granted as to Interrogatory No. 7.

### 3.  *Health Insurance Carriers (Interrogatory No. 15)*

Interrogatory No. 15 requests that Reyes "state the name, address and policy number of any health insurance carrier for the last ten (10) years [ . . . ]."  Doc. 23, att. 4, p. 5.  Defendants complain that Reyes did not respond to this request; Reyes responds that his response, "not applicable," is sufficient because Reyes has not had a health insurance carrier (other than Medicaid, which Reyes disclosed in response to separate requests).  Doc. 25, p. 7.

Because it appears there is nothing more for Reyes to say about his insurance carriers, the motion will be denied as to Interrogatory No. 15.

> **4.  *Immigration Status and Residence History in U.S (Interrogatories No. 21 & 22)***

Interrogatory No. 21 requests that Reyes state his "current official immigration status in the United States" and his status "at the time of the commencement of this litigation."  Doc. 23, att. 4, p. 6.  Interrogatory No. 22 requests that Reyes state how long he has "resided in the United States, including all addresses where you resided with corresponding dates [ . . . ]" Doc. 23, att. 4, p. 7.  Defendants complain that Reyes objected to these requests and did not provide any information in response.  Defendants state that information concerning Reyes' immigration status is relevant to Reyes' claims for economic damages and future medical expenses, citing to caselaw reasoning that calculation of future earnings and future medical expenses can be affected by whether  a worker is legally in the United States or likely to live abroad in the future.  Doc. 23, att. 1, p. 7-8.  Defendants do not specifically explain the relevance of Mr. Reyes' past residences, requested in Interrogatory No. 22.

In response, Reyes again argues that he is not making a claim for wage loss.  Doc. 25, att. 10.  Reyes acknowledges that immigration or application for residency status could be relevant to future earnings, but he argues that because he is not making such a claim, the questions are motivated by an improper purpose of creating prejudice and that the questions further violate his right to privacy and  his constitutional rights to due process and access to the courts.  Doc. 25, p. 10.

As we have already noted, plaintiff's petition seeks damages for wage loss and lost earning capacity.  Doc. 1, att. 4, p. 5, ¶ 17.  Plaintiff's statement in brief that he is not making such a claim is of no moment.  As long as the claim remains in the pleadings then it remains viable.

Courts have found immigration status relevant to wage loss claims.  *Perez v. Trylon Mfg. Co. Ltd*, No. 3-10-CV-01850-P, 2011 WL 13128823, at *3 (N.D. Tex. Aug. 4, 2011) (in a personal injury claim, finding immigration status "relevant to Plaintiff's claims for lost future earnings and loss of earning capacity" for "purposes of discovery only" without ruling as to admissibility of same); *Fragoso v. Builders FirstSource Se. Grp. LLC*, No. 4:10-503-TLW-SVH, 2011 WL 767442, at *2 (D.S.C. Feb. 25, 2011) ("The court finds that Defendant is entitled to discover information about Plaintiff's work history and immigration status because that information is relevant to his claim for past and future wage loss damages.").   Insofar as plaintiff's pleading requests lost future wages, the information sought at Interrogatory No. 21 is relevant.  The motion is granted as to Interrogatory No. 21.

Because defendants fail to suggest the relevance of plaintiff's past residences, the motion is denied as to Interrogatory No. 22.

### 5.   IRS Authorizations and Tax Returns (Request for Production No. 3 and 11)

Request for Production No. 3 requests that Reyes produce "[t]wo executed authorizations authorizing release of Internal Revenue Service records [ . . . ]"  Doc. 23, att. 5, p. 3.  Request for Production No. 11 requests that Reyes produce "a copy of all state and federal tax returns you have filed from 2019 to the present date."  Doc. 23, att. 5, p. 4.  Defendants complain that "Reyes objected and provided no tax documents or signed releases for his tax returns[,]" and they reference jurisprudence holding that tax information is relevant to claims for lost earning capacity and future lost wages.  Doc. 23, att. 1, p. 7 (citing *Thai v. Miller Truck Lines, Inc.*, No. CIVA 05-1958, 2006 WL 2349605, at *2 (W.D. La. Aug. 11, 2006)).

Reyes again responds that he is not making a claim for wage loss so the earnings-related information is not relevant to any claims or defenses.   For the same reason we find that argument

inadequate above, we find it inadequate here.  The information sought at Request for Production Nos. 3 and 11 is relevant to plaintiff's wage loss claims.  *Equal Emp. Opportunity Comm'n v. Columbia Sussex Corp.*, No. CV 07-701-JJB-DLD, 2009 WL 10679322, at *4 (M.D. La. Aug. 3, 2009) (ordering discovery of tax records or production of signed form authorizing release of same, in connection with disparate treatment claim); *Thai v. Miller Truck Lines, Inc.*, No. CIVA 05-1958, 2006 WL 2349605, at *1 (W.D. La. Aug. 11, 2006) (noting that courts routinely direct plaintiffs to execute authorizations for the release of medical, employment, and tax records in personal injury matters).  The motion is granted as to Request for Production Nos. 3 and 11.

### 6.  *Signed Authorization for Medical Records (Request for Production No. 7)*

Request for Production No. 7 requests that Reyes "furnish a duly executed medical authorization form [ . . . ] for each and every healthcare provider [ . . . ] from whom you received treatment or by whom you were examined in connection with this matter."  Doc. 23, att. 5, p. 3. Reyes objects on three bases:  that defendants withdrew the demand for a medical authorization form, that courts should only compel the production of blank releases when the subpoena process fails, and that defendants already have the documents from Reyes' single provider.  Doc. 25, p. 8-9.

If defendants withdrew their request for a signed authorization at some point as Reyes suggests then the instant motion suggests that they have altered that position.  Further we find little support for the proposition that it is only appropriate to order the production of a signed authorization when the subpoena process somehow fails.[1]  Reyes has placed his medical condition

---

[1]  The only precedent from this district cited by plaintiffs holds that "The Health Insurance Portability and Accountability Act of 1996, Pub.L. No. 104-191, §§ 261-264, 110 Stat.1936 (1996), 42 U.S.C. § 1320d, et seq. ("HIPAA") includes specific means for defendant to obtain protected health information from "covered entities." Memorandum Order, *Morris v. Wyeth, Inc.*, Civ. No. 09-0854 (W.D. La. Mar. 22, 2010) (citing 45 C.F.R. § 164.512(e)(1)(ii-iii)).  While this statute allows providers to disclose an individual's protected health information "without the written authorization of the individual," it does not necessarily follow that this statute requires the use of subpoena before plaintiff should be compelled to produce a signed authorization form.  *See Lischka v. Tidewater*

at issue in this case, making his medical records relevant under Fed. R. Civ. P. 26.  Accordingly, the motion is granted as to Request for Production No. 7.

### 7. *Documentation relating to citizenship, immigration, and travel (Request for Production No. 15 & 16)*

Request for Production No. 15 requests that Reyes produce the following 12 items:  Birth certificate, VISAs, Permanent Resident Cards or Green Cards, Employment Authorization Cards, Re-Entry Permits, Border Crossing Identification Cards, Driver's licenses, Social Security Card, Alien Registration Cards, Resident Alien Cards, Passports, and Voter Registration Cards.  Doc. 23, att. 5, p. 4-5.  Request for Production No. 16 requests that Reyes produce "produce a copy of all documents in your possession from the U.S. Citizenship and Immigration Services and/or U.S. Immigration and Naturalization Service (INS) pertaining to your immigration status in the United States.  Doc. 23, att. 5, p. 5.  As with the information concerning plaintiff's immigration status and residency history, defendants state that this information is relevant to Reyes' claims for economic damages and future medical expenses, citing to caselaw reasoning that calculation of future earnings and future medical expenses can be affected by whether  a worker is legally in the United States or likely to live abroad in the future.  Doc. 23, att. 1, p. 7-8.

Courts have found immigration status relevant to wage loss claims.  *Perez v. Trylon Mfg. Co. Ltd*, No. 3-10-CV-01850-P, 2011 WL 13128823, at *3 (N.D. Tex. Aug. 4, 2011).  However, even when immigration-related documentation is found relevant, this relevance should be balanced against the burden created by the potential for a chilling effect on litigation and privacy concerns related to immigration status.  *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555–56 (5th Cir. 2016).

---

*Servs., Inc.*, No. CIV. A. 96-296, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997)(collecting cases holding that federal courts are empowered to compel parties to sign written authorizations).

The court has already determined that, because the pleadings claim damages for Reyes' wage loss, Reyes will be ordered to respond to Interrogatory No. 21, which requests Reyes state his "current official immigration status in the United States" and his status "at the time of the commencement of this litigation."  The response to Interrogatory No. 21 may reduce the probative value of the additional information requested at Requests for Production Nos. 15 & 16, and defendants do not explain why this additional documentation would be necessary after Reyes' immigration status is established by his interrogatory response.  Therefore, motion to compel is denied as to Requests for Production Nos. 15 & 16 without prejudice to defendants' right to re-urge the motion after receiving Reyes' response to Interrogatory No. 21.

## B.  Campos' Disputed Responses

### 1.  *Basic Identifying information (Interrogatory No. 1)*

Interrogatory No. 1 requests that Campos state his social security number, state residing when issued, and home and mobile telephone numbers.  Doc. 23, att. 8, p. 1.  Defendants state that Campos did not provide his social security number, state residing when issued, or telephone number(s).  Defendants argue that this information is relevant to his immigration status and may also lead to the discovery of other admissible information, insofar as it provides unique identifiers associated with Campos.  Doc. 23, att. 1, p. 11.  Campos responds that this request is harassing and raises privacy concerns and that social security numbers should not be ordered disclosed absent a compelling reason.  Doc. 25, p. 18 (citing *Mejia v. Bros. Petroleum*, LLC, Civ. No. 12-02842, at *6 (E.D. La. July 15, 2014); *White v. Integrated Elec. Techs., Inc.*, Civ. No. 11-2186, at *22 (E.D. La. June 13, 2013)).

Courts have ordered production of social security numbers and identifying information such as addresses or telephone numbers where that information is relevant to a party's search for

other discoverable evidence.  *See, e.g., Perez v. Trylon Mfg. Co. Ltd,* No. 3-10-CV-01850-P, 2011 WL 13128823, at *3 (N.D. Tex. Aug. 4, 2011) (ordering production of social security card, if any, after considering privacy concerns arising from release of immigration-related information); *Couvi's Drink Box, Inc. v. Philip Morris USA*, No. CIV. A. 94-454, 1996 WL 277959, at *1 (E.D. La. May 22, 1996) (approving sanctions order for plaintiff's failure to produce social security number and contact information for former employee, a potential witness).  Accordingly, the motion is granted as to Interrogatory No. 1.

### 2.  *Medical Providers (Interrogatory No. 5)*

Interrogatory No. 5 requests that Campos "list the name, address and telephone number of each medical provider, hospital, clinic, or other medical facility in which you have received any treatment in the past ten years."  Doc. 28, att. 8, p. 2.  Defendants complain that Campos' amended response states that he did not receive medical treatment in the past ten years for any body part injured in the accident and that he identified a single primary care provider from whom he had received care.  Doc. 23, att. 1, p. 9-10 (referencing Doc. 23, att. 12, p. 1-2).

Campos responds that he identified the sole provider from whom he received care in the last 10 years.  Doc. 25, p. 12-13.  Because the mention of body parts injured in the accident renders the amended response ambiguous, the motion is granted as to Interrogatory No. 5.  Campos is to amend his response to clarify whether he has received treatment from any other providers in the relevant period and if so, identify them.

### 3.  *Past Employers (Interrogatory No. 6)*

Interrogatory No. 6 requests that Campos identify his employers from the last 10 years, the dates and nature of employment, rates of pay, and dates absent from each employment as a result of injuries sustained in the accident and resulting lost income.  Doc. 23, att. 8, p. 2.  Defendants

complain that Campos' response is inadequate because he identifies only "Miscellaneous construction contractors" for the period March 2020 – September 2020 and provides no rate of pay for this work.  Doc. 25, att. 1, p. 10-11 (referencing Doc. 23, att. 10, p. 60).  Campos responds that his work during this period was sporadic, resulting in part from hurricane-related work in Texas and Louisiana, and that this response represents his best current knowledge, although he is attempting to find information that would allow him to provide further detail.  Doc. 25, p. 15.

Because, according to this response, Campos has no further information, the motion is denied as to Interrogatory No. 6.  If and when in the future Campos recalls or is otherwise able to find information responsive to this interrogatory, then he is to supplement this response immediately.

### 4.   *IRS Authorizations and Tax Returns (Request for Production No. 3 & 11)*

Request for Production No. 3 requests that Campos produce authorizations for the release of Internal Revenue Service records.  Doc. 23, att. 9, p. 3.  Request for Production No. 11 requests that Campos "[p]rovide a copy of all state and federal tax returns you have filed from 2018 to the present date."  Doc. 23, att. 9, p. 4.  Defendants argue that, as with Reyes, Campos should be compelled to provide copies of his tax returns from 2018 to present, along with signed authorizations, because his past earnings are relevant to his claims for wage loss and loss of earning capacity.  Doc. 23, att. 1, p. 10.

Campos acknowledges that he is pursuing a claim for wage loss but he objects that the requests are "overbroad" insofar as the returns requested are from 2018 to present and the requested authorization to be signed contains no time limitation.  Doc. 25, p. 15.  Campos argues with no jurisprudential support that he should only be required to produce copies of his W-2 or 1099 forms in his possession, rather than his entire tax returns because of privacy concerns.  In a

manner similar to that of Reyes, Campos also raises the argument that signed releases should only be used after there is an objection to producing documents via subpoena.  Doc. 25, p. 16.

As with Reyes, the court finds that the information sought at Interrogatory No. 3 and 11 is relevant to Campos' wage loss claims. *Equal Emp. Opportunity Comm'n v. Columbia Sussex Corp.*, No. CV 07-701-JJB-DLD, 2009 WL 10679322, at *4 (M.D. La. Aug. 3, 2009) (ordering discovery of tax records or production of signed form authorizing release of same, in connection with disparate treatment claim); *Thai v. Miller Truck Lines, Inc.*, No. CIVA 05-1958, 2006 WL 2349605, at *1 (W.D. La. Aug. 11, 2006) (noting that courts routinely direct plaintiffs to execute authorizations for the release of medical, employment, and tax records in personal injury matters). The motion is therefore granted as to Request for Production Nos. 3 and 11.

### 5.   *Signed authorization for Medical Records (Request for Production No. 7)*

Request for Production No. 7 requests that Campos produce an executed medical authorization form for each healthcare provider consulted in connection with this matter.  Doc. 23, att. 9, p. 3.  Defendants assert that an executed medical release "is vitally necessary given his large number of medical providers and the extent of his alleged injuries." Doc. 23, att. 1, p. 10.  Campos objects on three bases:  that Defendants withdrew the demand for a medical authorization form, that courts should only compel the production of blank releases when the subpoena process fails, and that Defendants are not entitled to blanket authorizations unlimited in time and scope.  Doc. 25, att. 14, p. 20.

As we noted in the discussion of the Reyes discovery responses above, any withdrawal by defendants of their request for a signed authorization has been altered by the filing of the instant motion.  Also as discussed above, there is minimal support for the proposition that it is only appropriate to order the production of a signed authorization when the subpoena process somehow

fails.  Campos has placed his medical condition at issue in this case, making his medical records relevant under Fed. R. Civ. P. 26.

### 6. *Health Insurance (Request for Production No. 12)*

Request for Production No. 12 requests that Campos provide a "copy of the front and back of your health insurance card or any other document describing any health benefits available to you."  Doc. 23, att. 9, p. 4.  Defendants complain that "[a]lthough Campos states in response to Request for Production No. 12 that he will provide a copy of his health insurance card, he did not do so."  Doc. 23, att. 1, p. 11.  Campos responds that he produced it on November 19, 2021, identifying the relevant Bates stamp numbers.  Doc. 25, p. 16.  The dispute as to Interrogatory No. 12 has been resolved as to Campos and the motion is therefore be denied.

### 7. *Documentation relating to citizenship, immigration, and travel (Request for Production No. 15)*

Request for Production No. 15 requests that Reyes produce the following 12 items:  Birth certificate, VISAs, Permanent Resident Cards or Green Cards, Employment Authorization Cards, Re-Entry Permits, Border Crossing Identification Cards, Driver's licenses, Social Security Card, Alien Registration Cards, Resident Alien Cards, Passports, and Voter Registration Cards. Defendants complain that Campos "failed to provide all immigration-related documents requested in response to Request for Production No. 15."  Doc. 23, att. 1, p. 11.  Campos responds that he produced the copies of the documents in his possession:  his permanent residency card (GC340), his Texas issued driver's license (GC341), and his Texas issued Identification Card (GC336).  Doc. 25, p. 17.

As to the remaining requests, Campos argues undue burden and harassment because the items already produced evidence Campos' U.S. residency from 2007 onward, which fully covers the 10-year period during which defendants have sought to establish Campos' wage history.

Campos argues that additional details about his immigration status is not otherwise itself important enough evidence of a plaintiff's broader credibility to be discoverable. *Id.* (citing *E.E.O.C. v. DiMare Ruskin, Inc.*, No. 2:11–CV–158–FTM–99, 2012 WL 12067868, at *5 (M.D. Fla. Feb. 15, 2012)).  Campos further argues that defendants have not borne their burden of demonstrating the relevance of the additional documents they request.  *Id.*

Campos' immigration status appears to have been established by the documents he produced.  Beyond the general argument that immigration status is relevant to future earnings and medical damages calculations, defendants have little to say in support of their need for the additional documents requested here.  Therefore, Request for Production No. 15 is denied as to Campos without prejudice to defendants' right to re-urge this request if a pressing need for the requested information arises.

> ### 8.   Other miscellaneous requests:  medical reports (Request for Production No. 1), medical bills (Request for Production No. 2), expert materials (Request for Production No. 10), vehicle registration (Request for Production No. 13), vehicle insurance (Request for Production No. 14)

The motion to compel mentions several other items of requested information without providing argument regarding these items.  Request for Production No. 1 requests that Campos produce "[c]opies of any and all written medical reports rendered in connection with plaintiff's alleged injury."  Doc. 23, att. 9, p. 3.  Request for Production No. 2 requests that Campos produce "[e]ach and every bill, statement for services rendered, or other expense claimed by you to be an item of special damages sustained as a result of your alleged incident."  Doc. 23, att. 9, p. 3. Campos responds that he has produced all responsive documents in his possession as to Request for Production 1-2.  Doc. 25, p. 12.

Request for Production No. 10 requests that Campos produce "[a]ll documents provided to any expert. These documents are to be produced at the same time they are provided to the expert."

Doc. 23, att. 9, p. 4.  Request for Production No. 13 requests that Campos "provide a copy of the vehicle registration on the vehicle you were traveling in at the time of the collision."  Doc. 23, att. 9, p. 4.  Request for Production No. 14 requests that Campos "provide a copy of the automobile liability insurance card for the vehicle you were traveling in at the time of the collision."  Doc. 23, att. 9, p. 4.

Although defendants' memorandum complains that Campos objected and did not completely respond to Requests for Production No. 1, 2, 10, 13, and 14 [doc. 23, att. 1, p. 9], the memorandum says nothing further in support of its allegations of inadequacy with respect to these items.  Accordingly, the motion will be denied as to Requests for Production 1, 2, 10, 13, and 14.

## C. Attorney's Fees

Defendants move for attorney's fees incurred in connection with the motion to compel. Doc. 23.   Under Fed. R. Civ. P. 37, when a motion to compel is granted, a court must award the "movant's reasonable expenses incurred in making the motion, including attorney's fees" unless

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

We find that some of plaintiffs' objections to the contested requests were reasonably justified for the reasons stated above.  Additionally, there is no indication of a conference pursuant to Fed. R. Civ. P. 37.1 after defendants received the written responses; therefore, we conclude defendant did not make a good faith attempt to obtain the appropriate disclosure without court action.  Accordingly, the motion for attorney's fees will be denied.

## IV.
### CONCLUSION

For the reasons stated here in, the motion is **GRANTED** in part and **DENIED** in part.

With respect to plaintiff Reyes, the motion is **GRANTED** as to Interrogatories numbered 7 and 21 and Request for Production requests numbered 3, 7, and 11.   The motion is **DENIED** as to remaining disputed requests concerning Reyes.

With respect to plaintiff Campos, the motion is **GRANTED** as to Interrogatories numbered 1 and 5 and Request for Production requests numbered 3, 7, and 11.  The motion is **DENIED**  as to remaining disputed requests concerning Campos.

Defendants' request for attorney's fees is **DENIED**.

Amendments to discovery responses as ordered herein are to be provided within thirty (30) days of the issuance of this order unless the order is appealed to the district court.

THUS DONE AND SIGNED in Chambers this 24th day of August, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE