UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSE GONZALES CAMPOS ET AL** | : | **CASE NO. 2:21-CV-03923** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **ZURICH AMERICAN INSURANCE CO ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Pursuant to the power of the court to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases, it is the undersigned's **RECOMMENDATION**, issued *sua sponte*, that the complaint of Jose Bello Ojeda ("Ojeda") be **DISMISSED WITH PREJUDICE** for plaintiff's failure to prosecute and failure to follow the rules and orders of this court.

Ojeda's former counsel moved to withdraw from representation of Ojeda over a year ago. Docs. 21, 30. Since that time, Ojeda has not been heard from: he has failed to appear at a telephone hearing on the motion to withdraw, at a telephone scheduling conference, and at an in-court hearing on defendant's motion to compel Ojeda's responses to discovery requests. Docs. 30, 42, 45. When Ojeda failed to appear, the court issued orders warning that "[f]ailure to follow rules and cooperate could ultimately result in a recommendation that his case be dismissed." *Id.* At the hearing on defendants' motion to compel, the court the court granted the motion, awarded associated attorneys' fees, and signaled its intent to allow Ojeda approximately one month to provide his discovery requests. At that time, the undersigned warned that Ojeda's failure to respond would result in a report and recommendation to District Judge that his claim be dismissed

with prejudice. Doc. 45. Ojeda did not respond to the discovery requests as ordered. Docs. 45-48.

In the meantime, the remaining claims in this matter have been resolved, and the court has issued a judgment dismissing with prejudice the claims of plaintiffs Jose Gonzales Campos and Eduardo Fuentez Reyes against defendants, Roy Bonds, MDR Construction, Inc., and Zurich America Insurance Company, making plaintiff Ojeda's claims the only remaining claims in this litigation. Doc. 50.

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021)(discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

For these reasons, we **RECOMMEND** to the district court that it exercise its sanctioning authority and that this matter be **DISMISSED WITH PREJUDICE** for failure to prosecute and to follow the orders of the court.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections

within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13$^h$ day of July, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE